UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:26-cv-00355

OMAR CASTANEDA,

    Plaintiff,

v.

ICON INFORMATION CONSULTANTS, LP
d/b/a ICON VENDORPASS, and
DRONEBASE INC.
d/b/a ZEITVIEW,

    Defendants.
_____/

**COMPLAINT FOR NATIONAL ORIGIN DISCRIMINATION,
HOSTILE WORK ENVIRONMENT, AND RETALIATION
DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, OMAR CASTANEDA ("Plaintiff"), by and through undersigned counsel, and sues Defendants ICON INFORMATION CONSULTANTS, LP d/b/a ICON VENDORPASS ("ICON") and DRONEBASE INC. d/b/a ZEITVIEW ("ZEITVIEW") (collectively "Defendants"), and alleges as follows:

**I. INTRODUCTION**

1. This is an action for national origin discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act.

2. Plaintiff, a Venezuelan male, was assigned by ICON to perform work for ZEITVIEW on a Florida project.

3. During his employment, Plaintiff was subjected to repeated derogatory comments about Venezuelans by Hector Ventura Jr., who functioned as an on-site supervisor.

4. After Plaintiff opposed discrimination on January 10, 2025, he was suspended and terminated within four days.

5. Defendants acted as joint employers and jointly controlled the terms and conditions of Plaintiff's employment.

6. Plaintiff seeks relief solely for discrimination, hostile work environment, and retaliation in this action. Wage claims will be pursued separately under the Fair Labor Standards Act.

## II. JURISDICTION AND VENUE

7. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act ("FCRA").

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

9. At all relevant times, Defendants employed fifteen (15) or more employees and were employers within the meaning of 42 U.S.C. § 2000e(b).

10. Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391 because the unlawful employment practices occurred in this District and Plaintiff resides in this District.

## III. ADMINISTRATIVE EXHAUSTION

11. Plaintiff filed Charge No. 510-2025-03621 against ZEITVIEW.

12. The EEOC issued a Notice of Right to Sue on November 17, 2025.

13. Plaintiff filed Charge No. 510-2025-03620 against ICON.

14. The EEOC issued a Notice of Right to Sue on February 2, 2026.

15. This action is filed within ninety (90) days of receipt of the Notices.

16. All conditions precedent have been satisfied.

## IV. PARTIES AND JOINT EMPLOYER ALLEGATIONS

17. Plaintiff is Venezuelan.

18. ICON hired Plaintiff as a W-2 employee and processed payroll.

19. ZEITVIEW controlled Plaintiff's daily work assignments, scheduling, supervision, and project oversight.

20. ZEITVIEW supervisors evaluated Plaintiff's performance and exercised authority to recommend his removal from the project.

21. ICON retained authority to formally terminate Plaintiff but acted at the direction or request of ZEITVIEW.

22. Defendants jointly controlled the essential terms and conditions of Plaintiff's employment, including supervision, discipline, scheduling, and termination.

23. Defendants acted as joint employers within the meaning of Title VII.

24. ZEITVIEW assigned Plaintiff's daily inspection routes and determined the specific locations at which Plaintiff was required to perform field inspections.

25. ZEITVIEW supervisors directed the manner and method in which Plaintiff was to conduct inspections and required Plaintiff to follow ZEITVIEW's operational procedures and protocols.

26. ZEITVIEW exercised on-site supervisory authority over Plaintiff and had the ability to correct and direct Plaintiff's work performance in the field.

27. ZEITVIEW supervisors monitored Plaintiff's performance and communicated performance concerns directly to ICON.

28. ZEITVIEW had the authority to request removal of Plaintiff from its project at any time and exercised that authority with respect to Plaintiff.

29. ICON relied upon ZEITVIEW's evaluation and request when effectuating Plaintiff's suspension and termination.

30. Plaintiff performed work exclusively for ZEITVIEW during his assignment and did not perform work for other ICON clients.

31. ZEITVIEW provided the equipment, vehicle, and project-specific materials necessary for Plaintiff to perform his job duties.

32. The suspension and termination of Plaintiff resulted from coordinated action between ZEITVIEW and ICON.

## V. FACTUAL ALLEGATIONS

33. Plaintiff began employment in approximately April 2024.

34. Hector Ventura Jr. functioned as the on-site lead and exercised supervisory authority over Plaintiff's daily work.

35. Beginning in approximately April 2024 and continuing through January 2025, Ventura made repeated derogatory comments about Venezuelans.

36. Ventura stated that Venezuelans are "undocumented," "dumb," "come here to commit crimes," and "think they know more than everyone else."

37. These remarks were made in front of other employees.

38. Ventura directed these remarks specifically at Plaintiff and another Venezuelan employee.

39. Ventura repeatedly accused Plaintiff of "stealing time" without legitimate basis.

40. Non-Venezuelan employees were not subjected to similar accusations.

41. The conduct occurred regularly over approximately nine months.

42. The harassment humiliated Plaintiff and undermined his professional reputation.

43. Defendants failed to take corrective action.

44. On or about January 10, 2025, Ventura made additional derogatory remarks.

45. Plaintiff objected and demanded that the discriminatory conduct stop.

46. Plaintiff informed Ventura that he would pursue legal action if the conduct continued.

47. The individuals involved in the decision to suspend and terminate Plaintiff were aware of Plaintiff's opposition to discriminatory conduct prior to taking adverse action.

48. On January 14, 2025, Plaintiff was informed he was suspended without explanation.

49. Ventura became hostile and physically aggressive when Plaintiff sought clarification.

50. Ventura attempted to forcibly remove keys and materials from Plaintiff.

51. Ventura threatened to call police and falsely accuse Plaintiff of theft.

52. Police were summoned and determined Plaintiff had not committed theft.

53. Later that same day, Plaintiff's employment was terminated.

54. Plaintiff's termination occurred within four days of his protected activity.

55. Plaintiff had not been formally disciplined prior to termination.

56. The reasons given for termination were inconsistent and pretextual.

## COUNT I
## TITLE VII – NATIONAL ORIGIN DISCRIMINATION
(Against Both Defendants)

57. Plaintiff incorporates paragraphs 1 through 56.

58. Plaintiff is a member of a protected class.

59. Plaintiff was qualified for his position.

60. Plaintiff suffered an adverse employment action, including termination.

61. Plaintiff was treated less favorably than similarly situated non-Venezuelan employees.

62. Defendants' actions were motivated by discriminatory animus based on national origin.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award:

a. Back pay, including lost wages and benefits;

b. Front pay in lieu of reinstatement;

c. Compensatory damages for emotional distress, humiliation, and mental anguish;

d. Punitive damages as permitted under 42 U.S.C. § 1981a;

e. Prejudgment interest;

f. Attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k); and

g. Such other and further relief as the Court deems just and proper.

## COUNT II
## TITLE VII – HOSTILE WORK ENVIRONMENT
(Against Both Defendants)

63. Plaintiff incorporates paragraphs 1 through 56.

64. Plaintiff was subjected to unwelcome harassment based on national origin.

65. The harassment was severe and pervasive.

66. The harassment altered the terms and conditions of Plaintiff's employment.

67. Ventura acted with supervisory or apparent authority.

68. Defendants are liable for the hostile work environment.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award:

a. Compensatory damages for emotional distress and mental anguish;

b. Punitive damages as permitted by law;

c. Back pay and front pay to the extent recoverable under Title VII;

d. Prejudgment interest;

e. Attorney's fees and costs; and

f. Such other and further relief as the Court deems just and proper.

## COUNT III
## TITLE VII – RETALIATION
(Against Both Defendants)

69. Plaintiff incorporates paragraphs 1 through 56.

70. Plaintiff engaged in protected activity by opposing discrimination.

71. Plaintiff suffered materially adverse action, including suspension and termination.

72. The close temporal proximity between Plaintiff's protected activity and termination establishes a causal connection.

73. Defendants' proffered reasons are pretextual.

74. The individuals responsible for the termination decision were aware of Plaintiff's protected activity prior to taking adverse action.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award:

a. Back pay and lost benefits;

b. Front pay in lieu of reinstatement;

c. Compensatory damages for emotional distress;

d. Punitive damages as permitted by law;

e. Prejudgment interest;

f. Attorney's fees and costs; and

g. Such other and further relief as the Court deems just and proper.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT
(Against Both Defendants)

75. Plaintiff incorporates paragraphs 1 through 56.

76. The Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01 et seq., prohibits employment discrimination on the basis of national origin.

77. At all relevant times, Defendants were employers within the meaning of Fla. Stat. § 760.02(7).

78. Plaintiff is a member of a protected class based on his Venezuelan national origin.

79. Plaintiff was qualified to perform the essential functions of his position.

80. Plaintiff was subjected to adverse employment action, including suspension and termination.

81. Similarly situated non-Venezuelan employees were treated more favorably.

82. The discriminatory remarks directed at Venezuelans, including statements that Venezuelans are undocumented, dumb, and come to commit crimes, demonstrate discriminatory animus.

83. Defendants' actions were motivated by Plaintiff's national origin.

84. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered lost wages, emotional distress, humiliation, and other damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award:

a. Back pay and lost wages;

b. Front pay or reinstatement;

c. Compensatory damages;

d. Punitive damages as permitted under Florida law;

Case 6:26-cv-00355-ACC-LHP   Document 1   Filed 02/13/26   Page 9 of 10 PageID 9

e. Prejudgment interest;

f. Attorney's fees and costs; and

g. Such other and further relief as the Court deems just and proper.

### COUNT V
### FLORIDA CIVIL RIGHTS ACT – RETALIATION
(Against Both Defendants)

85. Plaintiff incorporates paragraphs 1 through 56.

86. The FCRA prohibits an employer from retaliating against an employee because the employee has opposed an unlawful employment practice. Fla. Stat. § 760.10(7).

87. Plaintiff engaged in protected activity when he objected to discriminatory remarks and demanded that the discriminatory conduct cease.

88. Plaintiff informed management that he would pursue legal remedies if the conduct continued.

89. The individuals involved in the decision to suspend and terminate Plaintiff were aware of Plaintiff's protected activity prior to taking adverse action.

90. Within four days of Plaintiff's protected activity, Plaintiff was suspended and terminated.

91. The close temporal proximity between Plaintiff's protected activity and termination establishes a causal connection.

92. The reasons articulated for Plaintiff's termination were inconsistent with his prior performance and are pretext for retaliation.

93. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered lost wages, emotional distress, humiliation, and other damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants for:

a. Back pay and lost benefits;

b. Front pay or reinstatement;

c. Compensatory damages;

d. Punitive damages as permitted by Florida law;

e. Prejudgment interest;

f. Attorney's fees and costs pursuant to Fla. Stat. § 760.11(5); and

g. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Alexis Mena-Glasgow
Alexis Mena-Glasgow, Esq.
SIMPSON & MENA, P.A.
2250 Southwest Third Avenue
Suite 501
Miami, Florida 33129
Telephone: 305.912.7665
Email: alexis@simsonmenalaw.com
Counsel for Plaintiff